IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL LORENZO WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-068 |
| | ) | |
| DR. GAUTAM AGARWAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at ASMP. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 28, 2015, Defendant Dr. Gautam Agarwal, a heart surgeon, performed surgery on Plaintiff. (Doc. no. 1, p. 5.) At the time surgery was performed, Plaintiff's potassium level was 7.4 mmol/L. (Id.) A normal potassium level is between 3.6 and 5.2

mmol/L, and a level greater than 6.0 mmol/L can be life threatening. (Id.) Defendant was aware of Plaintiff's potassium level and the life-threatening risk it posed during surgery, but Defendant "continue[d] to maliciously and sadistically perform the surgery." (Id.) Following the surgery, Plaintiff was rushed to emergency dialysis and then to a nursing unit dorm. (Id.) Less than a day later, Plaintiff was transferred to a cell, where he was not monitored or provided follow-up medical care. (Id. at 6.) Plaintiff suffered several symptoms, including trouble breathing, chest pains, nausea, vomiting, fatigue, and numbness. (Id. at 5.) Plaintiff suffers ongoing but unspecified complications as a result of the surgery. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2. Plaintiff Fails to State a Claim Against Defendant for Deliberate Indifference to His Serious Medical Needs.**

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was

3

caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-

4

72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff cannot demonstrate Defendant disregarded a risk of serious harm by following a course of action which constituted more than gross negligence. Plaintiff alleges Defendant "maliciously and sadistically" performed the surgery despite Plaintiff's high potassium level, (doc. no. 1, p. 5), but Plaintiff does not allege the surgery was unnecessary or could have safely been postponed or delayed without risk to himself. Without facts indicating that Defendant performed surgery without any pressing need, Plaintiff's allegation of maliciousness is merely conclusory. Furthermore, Plaintiff asserts a mere difference of opinion with Defendant regarding the medical decision to proceed with the surgery. Additionally, Plaintiff fails to state a claim against Defendant for all criticisms of his post-operation treatment because Plaintiff does not allege Defendant was involved with any treatment following surgery or had any knowledge of the same. See Hill, 40 F.3d at 1187 (requiring subjective awareness of a serious risk of harm for deliberate indifference).

### 3. The Amended Complaint Is Subject to Dismissal for the Additional Reason that Plaintiff Does Not Allege a Basis for Federal Jurisdiction Over His State-Law Medical Malpractice Claims.

To the extent Plaintiff may be attempting to bring state law medical malpractice claims, the complaint would still be subject to dismissal. Under Fed. R. Civ. P. 8(a)(1), a pleading

must contain "a short and plain statement of the grounds for the court's jurisdiction." Because Plaintiff did not include any such statement in his amended complaint, it is subject to dismissal.  See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1275-77 (11th Cir. 2010) (remanding for dismissal where complaint failed to assert basis for federal question jurisdiction); Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-70 (11th Cir. 2013) (affirming dismissal where factual allegations do not establish federal diversity jurisdiction).  Therefore, to the extent Plaintiff is attempting to bring state medical malpractice claims, such claims should be dismissed.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of August, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA